# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ANN M. STEWART, )
)
        Plaintiff, ) No. 13cv32 EJM
vs. )
) ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income (SSI) benefits. Briefing concluded December 2, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

Plaintiff claims disability due to bipolar disorder, oppositional defiant disorder, anxiety, and psychotic disorder. (Tr. 17, 25). She claims that the ALJ erred by (1) rendering an internally inconsistent ruling, and (2) in failing to properly evaluate her subjective allegations.

As to claim (1), plaintiff points to the facts that as a child, she was found by the ALJ to have a "marked" limitation in interacting with others, but as an adult,

she was found to have only a "moderate" limitation in interacting with others. However, the ALJ's two disability findings were based on different evidence and different standards. The ALJ observed that prior to April and May 2009, plaintiff was "not on any medication," and that medication changes were made in June and July 2009 to stabilize plaintiff's depression and moods. Plaintiff showed steady improvement, and in January 2010, she reported that her depression was under control. (Tr. 300-08). Medical opinions dated October 28, 2009 and November 19, 2009 confirm this. The ALJ properly developed and evaluated the record to determine whether her severe impairments were disabling for the period before she turned eighteen, and then did so again for the period after she turned eighteen, with different evidence and legal standards. The mere fact that these two findings reached slightly different results is not inconsistent, and is not error.

As to claim (2), in discounting the credibility thereof, the ALJ's evaluation was proper, and the ALJ permissibly relied upon consideration of plaintiff's inconsistencies between plaintiff's allegations of disabling impairments with the lack of medical evidence supporting the severity of her claims, the treatment records which showed she received conservative medical treatment which, in fact, well controlled her ailments, and medical opinions and treatment notes, especially from the Abbe Center (Tr. 16-18, 26-27), stating that plaintiff was not disabled. "The credibility of a claimant's subjective testimony is primarily for the

ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003).

Upon the foregoing, and without minimizing the seriousness of plaintiff's limitations, the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed

December 23, 2013

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT